Dora J. THURMAN, Plaintiff–
Appellant,

v.

Yoplait COLOMBO; General Mills,
Defendants–Appellees.

No. 04–56553.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2006.*

Filed Dec. 8, 2006.

Dora J. Thurman, Gardena, CA, pro se.

Craig Gerald Staub, Esq., Littler, Men-
delson, P.C., Los Angeles, CA, for Defen-
dants–Appellees.

Before: PREGERSON, THOMPSON,
and TALLMAN, Circuit Judges.

MEMORANDUM **

Dora Thurman, proceeding pro se, filed
an employment discrimination claim

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

against Appellees ("General Mills") pursuant to 42 U.S.C. § 1981. Thurman appeals District Judge Wilson's grant of summary judgment in favor of General Mills. We have jurisdiction based on 28 U.S.C. § 1291.

To evaluate claims of intentional discrimination where intent itself is generally impossible to prove, courts apply a burden-shifting analysis. *McDonnell Douglas v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas*, if the plaintiff satisfies the initial burden of establishing a prima facie case of racial discrimination, the burden shifts to the defendant to prove it had a legitimate nondiscriminatory reason for the adverse employment action. *Id.* at 802, 93 S.Ct. 1817. If the defense meets that burden, the plaintiff must prove that such a reason was merely a pretext for intentional discrimination. *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Even assuming that Thurman established a prima facie case of discrimination, she has not met her burden because General Mills provided a legitimate non-discriminatory reason for terminating her and Thurman has not demonstrated that General Mills' reasoning was merely a pretext for intentional discrimination. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir.2002). General Mills terminated Thurman based on her poor attendance, and Thurman has not presented any evidence to the contrary. Even if General Mills wrongly applied its own attendance policy (as it now admits), this does not demonstrate racial discrimination. A non-discriminatory reason honestly held is not a pretext for discrimination even if that reason ultimately lacked foundation. *See id.*

**AFFIRMED.**